IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Kathryn Bundy,<br><br>       Plaintiff,<br><br>vs.<br><br>Illinois Department of Corrections,<br>Anthony Kilgore, and Paul Mocaby,<br><br>       Defendants. | Case No. 3:21-cv-01229-MAB<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT**

1. Plaintiff Kathryn Bundy is an Illinois Department of Corrections ("IDOC") employee. She makes claims of sex discrimination, sexual harassment, and retaliation for opposing and reporting sexual harassment and sex discrimination. This is an action under Title VII of the Civil Rights Act of 1964, the Equal Protection Clause through 42 U.S.C. § 1983, <u>and the Illinois Human Rights Act, 775 ILCS 5, et seq.</u>

**Parties**

2. Plaintiff, who is female, is employed as a correctional officer for the Illinois Department of Corrections (IDOC) at the Centralia Correctional Center. Plaintiff started working for IDOC on June 1, 2015.

3. Defendant Anthony Kilgore, who is male, worked as a correctional officer and sergeant for IDOC at the Centralia Correctional Center.

4. Defendant Paul Mocaby, who is male, works as a major for IDOC at the Centralia Correctional Center.

1

5. From 2015 through present, IDOC is an employer under Title VII, in that it is a state governmental unit or agency employing 15 or more employees. 42 U.S.C. § 2000e(a),(b).

## Jurisdiction and Venue

6. This court has jurisdiction over plaintiff's federal claims based on 28 U.S.C. § 1331 and 1343. This court has supplemental jurisdiction over plaintiff's claims under the Illinois statutes.

7. Plaintiff's causes of action arise out of conduct in Clinton County, Illinois, so venue is proper.

## Administrative Facts

8. On or about August 9, 2019, plaintiff timely filed Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") alleging sex discrimination based on sexual harassment and retaliation. A copy of the Charge is Exhibit 1. On October 20, 2019, the IDHR perfected plaintiff's charge, known as IDHR Charge No. 2020SE0408 and EEOC Charge No. 440-2019-06785.

9. On or about March 23, 2021, plaintiff timely filed an Amended Charge of Discrimination with the IDHR alleging sex discrimination based on sexual harassment and retaliation. A copy of the Charge is Exhibit 2. The IDHR treated the March 23, 2021 Amended Charge as two new charges known as IDHR Charge No. 2021SN1382 regarding Respondent Anthony Kilgore, and IDHR Charge No. 2021SF1381 and EEOC Charge No. 21B-2021-00657 regarding Respondent Illinois Department of Corrections.

10. On September 16, 2021, plaintiff received a notice of right to sue from the U.S. Department of Justice, Civil Rights Division, on her EEOC Charge No. 440-2019-06785 regarding Respondent Illinois Department of Corrections. A copy of that notice is Exhibit 3.

11. <u>On October 13, 2021, the Illinois Department of Human Rights issued a Notice of Dismissal for Lack of Substantial Evidence and notice of right to sue on plaintiff's IDHR Charge No. 2020SE0408. A copy of that notice is Exhibit 4.</u>

12. <u>On November 18, 2021, the Illinois Department of Human Rights issued a Notice of Dismissal for Failure to Proceed and notice of right to sue on plaintiff's IDHR Charge No. 2021SN1382. A copy of that notice is Exhibit 5.</u>

13. <u>On December 10, 2021, plaintiff received a notice of right to sue from the U.S. Department of Justice, Civil Rights Division, on her EEOC Charge No. 21B-2021-00657 regarding Respondent Illinois Department of Corrections. A copy of that notice is Exhibit 6.</u>

14. Plaintiff is filing this lawsuit within 90 days of <u>receiving Exhibit 3, 4, 5 and 6.</u>

### Factual Allegations

**Kilgore harasses plaintiff and other female corrections officers**

15. In February 2019 Kilgore began making offensive, unwanted sexual statements to plaintiff, including the following:

    a. Kilgore asked plaintiff why he always had to adjust his "nuts" when he talked to plaintiff.

    b. Kilgore said to plaintiff that he could break into plaintiff's tower with no one ever knowing. Plaintiff and Kilgore worked in separate watch towers.

3

    c.  Kilgore told plaintiff his kidnapping plans and said to plaintiff that he could take plaintiff and no one would ever know.

    d.  Kilgore told plaintiff that he would look at plaintiff through his binoculars and that all he could see were her legs.

    e.  On May 16, 2019, Kilgore flashed his flashlight at plaintiff when she was working in the dietary unit on ground level. Plaintiff became so uncomfortable that she hid behind a pillar. Then Kilgore called plaintiff and told her, in a flirty and sexually suggestive tone, that the pillar was blocking his view of plaintiff.

    f.  On May 20, 2019, Kilgore called plaintiff when she was at work to ask if plaintiff missed him.

    g.  On May 20, 2019, Kilgore told plaintiff to go to Tower 7 to get her "brains fucked out." Kilgore was stationed in Tower 7.

16. Co-workers told plaintiff that Kilgore watched female guards urinating.

### Plaintiff complains to her supervising officers

17. On May 22, 2019, plaintiff reported Kilgore's conduct to Jeremey Thole, plaintiff's union representative. Thole reported plaintiff's complaint about Kilgore's conduct to Major Reginald Hammond.

18. Major Hammond told plaintiff that she had to complete a formal written complaint, an IDOC Form 434, and that she had to complete the Form 434 before the end of plaintiff's shift.

19. Upon information and belief, Acting Warden John Fatheree told Hammond to give plaintiff a direct order that her Form 434 must be on Fatheree's desk by the end of her shift. Plaintiff worked the second shift and was off duty at 11:00p.m.

20. On that same day, May 22, at 4:00p.m. Hammond ordered plaintiff to submit her Form 434 complaint to Hammond by the end of her shift, and Hammond would place it on Warden Fatheree's desk.

21. Plaintiff gave Major Hammond her Form 434 complaint about Kilgore at 11:00p.m. on May 22, 2019.

22. On May 23, 2019, plaintiff received notice from Warden Fatheree that he had forwarded her sexual harassment complaint to IDOC's Affirmative Action Office.

23. On or about May 23, 2019, another female correctional officer submitted a Form 434 complaint in which she reported that Kilgore had sexually harassed her.

**IDOC disregards Kilgore's history of sexual harassment and creates a hostile work environment for plaintiff**

24. Even before Kilgore harassed plaintiff, IDOC, Major Paul Mocaby, and Warden Fatheree knew or should have known that Kilgore sexually harassed female correctional officers. Other female correctional officers had complained about Kilgore's conduct to defendants before plaintiff complained on May 22, 2019.

25. On May 30, 2019, Kilgore called plaintiff and asked "where is your jeep?" Plaintiff was aware that Kilgore was stalking her.

26. On May 30th, after Kilgore's comment, plaintiff attempted to report this incident to Major Mocaby. In response, Mocaby told plaintiff, "No, I am not getting involved in any of this." Then Mocaby relieved plaintiff from her duty and sent her home.

5

27. Upon information and belief, other IDOC supervisors knew about Kilgore's sexually harassing conduct but did not think plaintiff and other female IDOC corrections officers should have filed complaints against Kilgore, that there was no way that Kilgore would say those things, and that Major Mocaby did worse "stuff" than Kilgore but no one at IDOC does anything to stop Mocaby.

### IDOC ignores plaintiff's sexual harassment reports about Kilgore and promotes him

28. More than two months after plaintiff submitted her complaint of sexual harassment, IDOC's Affirmative Action Office contacted plaintiff by phone.

29. Affirmative Action Officer Louis Aguayo interviewed plaintiff by telephone on August 1, 2019.

30. On October 1, 2019, IDOC promoted Kilgore to sergeant, making him one of plaintiff's supervisors.

31. Plaintiff took a leave of absence due to PTSD (post-traumatic stress disorder) and anxiety she suffered a result of the hostile work environment, including Kilgore's sexually harassing conduct and his new position as one of plaintiff's supervisors.

32. On October 22, 2019, Theresa Fitzpatrick, a representative from IDOC's Affirmative Action Office, interviewed plaintiff again about her complaints of sexual harassment of Kilgore and non-response by IDOC.

33. From May 2019 through December 2019, plaintiff worked the same shift as Kilgore, even after the IDOC promoted Kilgore to sergeant.

### When plaintiff returns to work, Kilgore is now her direct supervisor

34. On October 29, 2019, plaintiff returned to work from her FMLA leave of absence. Plaintiff still worked the evening shift.

35. After the IDOC promoted Kilgore to sergeant, he continued to work the evening shift.

36. Kilgore was plaintiff's superior, and plaintiff reported directly to Kilgore in the chain of command.

37. Plaintiff had daily contact with Kilgore.

38. On October 29, 2019, Affirmative Action Officer Fitzpatrick told plaintiff that the Affirmative Action Office had no record of the October 22nd interview with plaintiff. So, Fitzpatrick interviewed plaintiff again about her complaints of sexual harassment by Kilgore and non-response by IDOC.

39. At the end of November 2019, plaintiff requested IDOC change her shift to days so plaintiff could move away from Kilgore and Mocaby, who worked the evening shift. Mocaby had moved to the evening shift by this time.

40. In early December 2019, IDOC approved plaintiff's request to work day shift.

41. Plaintiff continued have interactions with Kilgore during shift changes from day to evening, and Kilgore eyed plaintiff up-and-down from head-to-toe when he saw plaintiff at shift changes.

42. Kilgore was still plaintiff's superior.

43. The continued interactions between plaintiff and Kilgore, with no intervention by IDOC, did not relieve plaintiff from her hostile work environment.

**IDOC shields Kilgore**

44. From October 1, 2019 to January 31, 2020, Kilgore was a probationary sergeant.

45. On or about December 5, 2019 IDOC's Affirmative Action Office concluded that Kilgore had violated standards of conduct based on Kilgore's admission that he made a sexual statement to a female correctional officer other than plaintiff.

46. On or about February 5, 2020, IDOC imposed the lowest level of discipline on Kilgore, a verbal reprimand.

### Mocaby retaliates against plaintiff

47. After plaintiff filed her Charge with the IDHR and EEOC, the IDHR began its investigation of plaintiff's complaint of sexual harassment, which included a Fact-Finding Conference on March 1, 2021. At the Fact-Finding Conference, conducted by telephone, the IDHR investigator interviewed plaintiff and Major Mocaby about the sexual harassment claims in plaintiff's charge.

48. After plaintiff filed her Amended Charge with the IDHR and EEOC, the IDHR began a second investigation of plaintiff's complaint of sexual harassment and retaliation, which included a Fact-Finding Conference on June 23, 2021. At the June 23rd Fact-Finding Conference, conducted by telephone, the IDHR investigator interviewed plaintiff, Major Mocaby and Major Hammond about the sexual harassment claims in plaintiff's amended charge.

49. After the March 1st Fact-Finding Conference, Major Mocaby and other superiors at IDOC assigned plaintiff to the least-desirable assignments, such as working in the South Cluster residential units.

50. Plaintiff has more seniority and good performance compared to other correctional officers who received the better assignments.

51. The less senior and/or poor performing correctional officer receiving the better assignments have not filed sexual harassment complaints against the IDOC or other correctional officers.

52. Major Mocaby said, "if you want to know who I don't like, look in the South Cluster."

53. Major Mocaby assigned plaintiff to the South Cluster since the IDHR Fact-Finding Conference.

54. Upon information and belief, other female correctional officers who complained about sexual harassment have received similar least-desirable assignments.

## Count I
### Discrimination by Illinois Department of Corrections – Title VII

55. Paragraphs 1 through 54 are incorporated in this Count.

56. Defendant discriminated against plaintiff because of her sex, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a), in these ways:

    a. Subjected plaintiff to a hostile work environment.

57. As a direct and proximate result of defendant's violation of Title VII plaintiff has and will continue to suffer damages including loss of wages, benefits, humiliation, loss of enjoyment of life, and other consequential damages.

For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant Illinois Department of Corrections equitable relief, actual damages, punitive damages, attorneys' fees, costs, and any other relief is appropriate.

## Count II
### Retaliation by Illinois Department of Corrections – Title VII

58. Paragraphs 1 through 54 are incorporated in this Count.

59. Plaintiff opposed sex discrimination and sexual harassment by defendants, and she filed complaints of sexual harassment and discrimination against defendants, and participated in the investigation of her claim of sexual harassment claims, consistent with Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq.

60. Defendant IDOC retaliated against plaintiff because of she opposed discrimination and sexual harassment, in violation Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a), in these ways:

   a. Subjected plaintiff to a hostile work environment.

   b. Subjected plaintiff to an inadequate investigation.

   c. Changed the privileges and conditions of her employment by reassigning plaintiff to the South Cluster, and other less-desirable assignments.

61. As a direct and proximate result of defendant's violation of Title VII, plaintiff has and will continue to suffer damages including loss of wages, benefits, humiliation, loss of enjoyment of life, and other consequential damages.

For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant Illinois Department of Corrections equitable relief, actual damages, punitive damages, attorneys' fees, costs, and any other relief is appropriate.

## COUNT III
### 42 U.S.C. § 1983 Sex Discrimination by Anthony Kilgore

62. Paragraphs 1 through 54 are incorporated as though stated in this Count.

63. Defendant Anthony Kilgore is a person under 42 U.S.C. § 1983. At all times relevant to this Complaint, Kilgore was an employee of the Illinois Department of Corrections.

64. Kilgore, acting under color of state law, discriminated against plaintiff based on sex, in violation of her rights under the Fourteenth Amendment to the U.S. Constitution as enforced under 42 U.S.C. § 1983, by harassing plaintiff because of her sex, in these ways:

    a. Made explicit sexual suggestions to plaintiff.

    b. Stalked plaintiff.

    c. Threatened to kidnap plaintiff in the context of his sexual suggestions.

    d. Subjected plaintiff to a hostile work environment.

65. Kilgore's actions were intentional, willful, and in reckless disregard of plaintiff's rights secured by law and the Constitution.

66. As a direct and proximate result of defendant's conduct, plaintiff has and will continue to suffer damages including loss of wages, benefits, humiliation, loss of enjoyment of life, and other consequential damages.

For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant Anthony Kilgore for compensatory and punitive damages, attorneys' fees, costs, and any other relief that is appropriate.

## COUNT IV
## 42 U.S.C. § 1983 Sex Discrimination by Paul Mocaby

67. Paragraphs 1 through 54 are incorporated as though stated in this Count.

68. Defendant Paul Mocaby is a person under 42 U.S.C. § 1983.

69. Mocaby, acting under color of state law, discriminated against plaintiff based on sex, in violation of her rights under the Fourteenth Amendment to the U.S. Constitution, as enforced under 42 U.S.C. § 1983, in these ways:

    a. Subjected plaintiff to a hostile work environment.

  b. Failed to investigate plaintiff's allegations of Kilgore's conduct that addressed plaintiff's right to be free from sexual harassment in the workplace under federal and state law.

70. Defendant's actions were intentional, willful, and in reckless disregard of plaintiff's rights secured by law and the Constitution.

71. As a direct and proximate result of defendant's conduct, plaintiff has and will continue to suffer damages including loss of wages, benefits, humiliation, loss of enjoyment of life, and other consequential damages.

For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant Paul Mocaby for compensatory and punitive damages, attorneys' fees, costs, and any other relief that is appropriate.

## COUNT V
## 42 U.S.C. § 1983 Retaliation by Paul Mocaby

72. Paragraphs 1 through 54 are incorporated in this Count.

73. Defendant Paul Mocaby is a person under 42 U.S.C. § 1983.

74. Mocaby, acting under color of state law, retaliated against plaintiff in violation of her rights under the Fourteenth Amendment to the U.S. Constitution as enforced under 42 U.S.C. § 1983, because she opposed conduct that she reasonably believed was unlawful sex discrimination. Defendant's retaliation includes:

  a. Failed to act to protect plaintiff from the man who was sexually harassing her.

  b. Placed plaintiff in a hostile work environment.

  c. Subjected her to an inadequate investigation.

  d. Assigned plaintiff to the least-desirable assignments at the corrections facility.

75. Defendant's actions were intentional, willful, and in reckless disregard of plaintiff's rights secured by law and the Constitution.

76. As a direct and proximate result of defendant's conduct, plaintiff has and will continue to suffer damages including loss of wages, benefits, humiliation, loss of enjoyment of life, and other consequential damages.

For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant Paul Mocaby for compensatory and punitive damages, attorneys' fees, costs, and any other relief that is appropriate.

## Count VI
## Discrimination by Illinois Department of Corrections – IHRA

77. Paragraphs 1 through 54 are incorporated in this Count.

78. Defendant discriminated against plaintiff because of her sex, in violation of Illinois Human Rights Act, 775 ILCS 5/2-102(A, D), in these ways:

   a. Subjected plaintiff to a hostile work environment.

79. As a direct and proximate result of defendant's violation of the IHRA plaintiff has and will continue to suffer damages including loss of benefits, humiliation, loss of enjoyment of life, and other consequential damages.

For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant Illinois Department of Corrections equitable relief, actual damages, punitive damages, attorneys' fees, costs, and any other relief is appropriate.

## Count VII
## Retaliation by Illinois Department of Corrections – IRHA

80. Paragraphs 1 through 54 are incorporated in this Count.

81. Plaintiff opposed sex discrimination and sexual harassment by defendants, and she filed complaints of sexual harassment and discrimination against defendants, and participated in the investigation of her claim of sexual harassment claims, consistent with the Illinois Human Rights Act, 775 ILCS 5, et seq..

82. Defendant IDOC retaliated against plaintiff because of she opposed discrimination and sexual harassment, in violation of Illinois Human Rights Act, 775 ILCS 5/6-101, in these ways:

   a. Subjected plaintiff to a hostile work environment.
   b. Subjected plaintiff to an inadequate investigation.
   c. Changed the privileges and conditions of her employment by reassigning plaintiff to the South Cluster, and other less-desirable assignments.

83. As a direct and proximate result of defendant's violation of the IHRA, plaintiff has and will continue to suffer damages including loss of benefits, humiliation, loss of enjoyment of life, and other consequential damages.

For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant Illinois Department of Corrections equitable relief, actual damages, punitive damages, attorneys' fees, costs, and any other relief is appropriate.

## COUNT VIII
### Sexual Harassment against Anthony Kilgore - IHRA

84. Paragraphs 1 through 54 are incorporated as though stated in this Count.

85. Defendant violated plaintiff's civil rights by sexual harassment, in violation of Illinois Human Rights Act, 775 ILCS 5/2-102(A, D), in these ways:

   a. Made explicit sexual suggestions to plaintiff.

  b. <u>Stalked plaintiff.</u>

  c. <u>Threatened to kidnap plaintiff in the context of his sexual suggestions.</u>

  d. <u>Subjected plaintiff to a hostile work environment.</u>

86. <u>As a direct and proximate result of defendant's violation of the IHRA plaintiff has and will continue to suffer damages including loss of benefits, humiliation, loss of enjoyment of life, and other consequential damages.</u>

<u>For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant Anthony Kilgore equitable relief, actual damages, punitive damages, attorneys' fees, costs, and any other relief is appropriate.</u>

              Respectfully submitted,

              / s/ Jill A. Silverstein
              Jill A. Silverstein
              js@silversteinwolf.com
              Ferne P. Wolf
              fw@silversteinwolf.com
              SilversteinWolf, LLC
              530 Maryville Centre Drive, Suite 460
              St. Louis, MO 63141
              314 744-4010/314 744-4026 (fax)

**Certificate of Service**

The undersign certifies that a copy of the **First Amended Complaint** was served by electronic mail on this 7th day of January 2022 to Taylor Traynoff, Asst. Attorney General, taylor.traynoff@ilag.gov , *Attorney for Defendants Illinois Department of Corrections and Paul Mocaby.*

              /s/ Jill A. Silverstein