IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATHRYN BUNDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:21-CV-1229-MAB |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ANTHONY KILGORE, and ) | |
| PAUL MOCABY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the motion to dismiss filed by Defendant Illinois Department of Corrections ("IDOC") (Doc. 24), the Motion for Leave to File Second Amended Complaint filed by Plaintiff (Doc. 27), and the Notice of Dismissal filed by Plaintiff (Doc. 28).

The IDOC's motion to dismiss pertains to Counts 6 and 7 of Plaintiff's First Amended Complaint (Doc. 24, Doc. 25). Those Counts are claims under the Illinois Human Rights Act ("IHRA") against the IDOC for discrimination (Count 6) and retaliation (Count 7) (Doc. 19, pp. 13–14). Plaintiff asks for equitable relief, actual damages, punitive damages, attorneys' fees, costs, and any other relief that is appropriate (Doc. 19, pp. 13–14). The IDOC argues these Counts should be dismissed because the IDOC is a state agency and therefore immunized against Plaintiff's IHRA claims by the Eleventh Amendment and/or the Illinois State Lawsuit Immunity Act (Doc. 25).

Plaintiff filed a response in opposition to the motion to dismiss, acknowledging that the State Lawsuit Immunity Act "may" immunize the IDOC from claims under the IHRA but arguing that the Eleventh Amendment only immunizes the IDOC from claims for money damages, not claims for injunctive relief (Doc. 26). Before the Court was able to issue an Order on the motion to dismiss, Plaintiff filed a motion for leave to amend her complaint (Doc. 27). She contemporaneously filed a notice voluntarily dismissing Defendant Anthony Kilgore pursuant to Rule 41(a)(1)(A) (Doc. 28). None of the Defendants filed any response or otherwise objected to Plaintiff's motion to amend or the notice of dismissal.

When a motion to dismiss by the defendant(s) and a motion to amend the complaint by the plaintiff are simultaneously pending, it is often more efficient to address the plaintiff's motion first because allowing the plaintiff to amend will moot the motions to dismiss. In this instance, however, the Court finds it is beneficial to first address the motion to dismiss.

A. **The IDOC's Motion to Dismiss**

The parties' arguments pertain to immunity under both the Eleventh Amendment and the Illinois State Lawsuit Immunity Act (*see* Docs. 24, 25, 26). Before the Court can consider the applicability of the Eleventh Amendment, it must determine whether the State Lawsuit Immunity Act would allow IHRA claims in any form against the IDOC to proceed.[1] The Court concludes the answer to that question is "no." Under the State

---

[1] State sovereign immunity rules apply to state law claims brought in federal court. *Richman v. Sheahan,* 270 F.3d 430, 441 (7th Cir. 2001).

Lawsuit Immunity Act, "the State of Illinois shall not be made a defendant in any court," except as provided in certain state statutes. 745 ILL. COMP. STAT. 5/1, 5/1.5. The Illinois Human Rights Act is *not* one of those statutes mentioned as an exception. *See id.* Consequently, Plaintiff's claims under the IHRA against the IDOC—Counts 6 and 7—must be dismissed. *See Harris v. Illinois*, 753 F. Supp. 2d 734, 740–41 (N.D. Ill. 2010) (dismissing IHRA claim against the Illinois Department of Corrections as barred by the State Lawsuit Immunity Act); *Coleman v. Illinois*, No. 19-CV-03789, 2020 WL 6717341, at *4 (N.D. Ill. Nov. 16, 2020) (same); *Cook v. Illinois Dep't Of Corr.*, No. 09-CV-0133-DRH, 2009 WL 2588871, at *1 (S.D. Ill. Aug. 20, 2009) (same).

### B. Plaintiff's Notice of Dismissal as to Defendant Anthony Kilgore

Plaintiff's submission is not effective as a Notice of Dismissal under Rule 41(a)(1)(A)(ii). *See Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (Rule 41(a) can only be used to dismiss an entire case; an amended complaint under Rule 15(a) is the proper vehicle to drop an individual defendant or claim). And while the Court has inherent authority to dismiss an individual defendant or claim, *see, e.g.*, 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2362 (4th ed.) ("The power to drop some plaintiffs or defendants from the suit plainly exists, either explicitly in the Federal Rules or in the district court's inherent power."); *Jose-Nicolas v. Berry*, No. 3:15-CV-964-NJR-DGW, 2018 WL 1466769, at *4 (S.D. Ill. Mar. 2, 2018), the Court believes it is more appropriate in this instance for Plaintiff to file an amended complaint that eliminates Kilgore as a Defendant given that this case is still in the pleadings stage and Plaintiff is already seeking to amend her complaint (*see* Doc. 27).

### C. Plaintiff's Motion for Leave to Amend

Given that Defendants did not object to Plaintiff's motion, and Federal Rule of Civil Procedure 15(a)(2) instructs that leave to amend should be freely given when justice so requires, the motion for leave to amend is granted, but with two caveats. First, now that the IHRA claims against the IDOC have been dismissed, they should no longer be included in the Second Amended Complaint. Second, to the extent Plaintiff wants to dismiss Anthony Kilgore from this action, Kilgore should no longer be included as a Defendant in the Second Amended Complaint.

Plaintiff shall file a Second Amended Complaint that complies with this Order on or before July 26, 2022.

### CONCLUSION

The IDOC's motion to dismiss (Doc. 24) is **GRANTED**. Plaintiff's claims under the IHRA against the IDOC—Counts 6 and 7—are **DISMISSED with prejudice**.

Plaintiff's motion for leave to amend (Doc. 27) is **GRANTED.** Plaintiff shall file a Second Amended Complaint that complies with this Order on or before July 27, 2022.

**IT IS SO ORDERED.**

**DATED: July 20, 2022**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**